UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                                ORDER

ANTONIOUS SAMUEL,                             17-CR-672-03 (CS)

                Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Antonious Samuel's renewed motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 285), and the Government's opposition thereto, (Doc. 287). I also consider letters from Defendant's family members. (Docs. 282-84.) Familiarity with Defendant's first application, the Government's opposition, and my ruling thereon, (Docs. 272, 274-75), is presumed.

      To the extent Defendant intends to advance a stand-alone Eighth Amendment claim, it is denied essentially for the reasons stated by the Government. Such a claim must be brought in the District of incarceration, under 28 U.S.C. § 2241 or as a civil suit; it does not appear that Defendant has exhausted administrative remedies as required; and his allegations do not seem to rise to the required level under either the objective or subjective prongs of the applicable standard. But I will consider, in connection with Defendant's § 3582(c)(1)(A) application, the facts that he alleges violate the Eighth Amendment.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not

be a danger to the safety of any other person or the community.  Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.[1]  Defendant has already made an application under § 3582(c)(1)(A), so I treat the instant application as a motion to reconsider.

Defendant argues that his obesity and asthma put him at increased risk for a severe case should he contract COVID-19.  I considered those factors originally and found them outweighed by the § 3553(a) factors.[2]  That Defendant may suffer from sleep apnea – for which, according to the Government, he has not sought any medical intervention – and a buttocks abscess does not

---

[1] Section 1(D) of the Application Note states: "Other Reasons – As determined by the Director of the Bureau of Prisons ["BOP"], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the [other three reasons]."  But "Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant," *United States v. Brooker*, No. 19-3218-CR, 2020 WL 5739712, at *1 (2d Cir. Sept. 25, 2020), so I am not constrained by the BOP's or the Application Note's interpretation of extraordinary and compelling circumstances, *see id.* at 7 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

[2] Asthma is not among those conditions that the Centers for Disease Control ("CDC") has identified as causing increased risk.  The CDC has indicated that moderate-to-severe asthma *might* be a risk factor, but there is no indication that Defendant's asthma is moderate-to-severe. His BOP health records indicate that Defendant's asthma is mild and controlled by an inhaler Defendant uses as needed.

change that calculus.  Defendant is getting treated for the abscess,[3] and he has presented no medical evidence that he is in need of a CPAP machine.  That social distancing is difficult in prison – a factor of which I was well aware at the time of Defendant's first motion – also does not tilt the balance, particularly in light of FCI Schuylkill's remarkably low COVID rate (no current inmate cases and only one – since recovered – during the entire course of the pandemic).  In short, the § 3553(a) factors continue to outweigh the factors to which Defendant points.[4]

For the reasons stated above, I adhere to my original decision and the instant motion is denied.  The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 285), and send a copy of this Order to Defendant Antonious Samuel, No. 79358-054, FCI Schuylkill, Federal Correctional Institution, P.O. Box 759, Minersville, PA 17954.

Dated: October 6, 2020
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[3] That Defendant was given non-sterile sponges for the wound hardly suggests he is getting inadequate treatment.  Many bandages and gauze pads are not sterile, as would be required in an operating room, but still protect the wound.

[4] I agree with the Government that Defendant distorts the facts when he says he committed the crime to support his drug habit.  He lived at home with his parents, worked at family businesses, had a high-school degree and some college, and was capable of buying personal-use quantities of marijuana without working for and then taking over a high-end cocaine trafficking organization.